# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-302 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| JOSEPH VALERIAN PARSHALL, | |
| Defendant. | |

Clifford B. Wardlaw, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Joseph Valerian Parshall, No. 15987-041, Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555, *pro se* defendant.

This matter is before the court on Joseph Valerian Parshall's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, accompanied by a Motion for Appointment of Counsel, a Motion for an Evidentiary Hearing, and a Motion for Discovery and Production of Documents.

From March to July 2011, Parshall lived with his grandmother, D.B., in her house on the Red Lake Indian Reservation. (Tr. of Trial Vol. II ("Tr.") at 336-37, Nov. 22, 2013, Docket No. 75.) While living there, Parshall spent time with A.B., the six- year-old child of Parshall's cousin. (*Id.* at 200-201, 204, 221-22.) Late in July of that year, A.B. told her mother that Parshall had sexually abused her. (*Id.* at 208.)

Parshall was charged with two counts of aggravated sexual abuse of a child under the age of twelve years old under 18 U.S.C. §§ 1151, 1153(a), 2241(c), and 2246(2)(B)

and (C).  (Indictment, Sept. 21, 2011, Docket No. 7.)  Parshall pled not guilty and the case went to trial in February of 2012.  A.B. gave live testimony at trial.  (Tr. at 240-55.) The jury returned a guilty verdict, and on August 12, 2013, the Court imposed a thirty-year sentence – the mandatory minimum under 18 U.S.C. § 2241(c).  (Sentencing J., Sept. 4, 2013, Docket No. 66.)  The Eighth Circuit affirmed the conviction and sentence in 2015.  *United States v. Parshall*, 600 F. App'x. 485 (8th Cir. 2015).

Parshall, who maintains his innocence, now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, primarily on the basis that his trial counsel was constitutionally ineffective.  Parshall contends that his counsel failed to discover and/or introduce important evidence, call certain favorable witnesses at trial, effectively cross-examine government witnesses at trial, and consult him about the consequences of his not-guilty plea.  Having reviewed the motions and the government's response, the Court finds that appointment of counsel, discovery, and an evidentiary hearing on Parshall's § 2255 motion are warranted.

## ANALYSIS

Section 2255 permits a prisoner to move a sentencing court to "vacate, set aside or correct" a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected,

would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

A petitioner "is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). "An evidentiary hearing on a section 2255 motion must be granted when the facts alleged would justify relief if true, or when a factual dispute arises as to whether or not a constitutional right is being denied." *Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980). On the other hand, a court need not grant an evidentiary hearing if "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen*, 68 F.3d at 240.

## I. GROUND I

In Ground 1 of his petition, Parshall asserts that his counsel was constitutionally ineffective for not bringing forward at trial certain evidence that would have impeached the testimony of one or more key witnesses. Parshall's filings mention the following pieces of evidence potentially useful to this end: a police report from the Red Lake Indian Reservation; paperwork from a hospital visit; testimony from Parshall's cousin showing A.B. had a history of falsely accusing numerous adults of abusing her; and video footage showing the prosecution heavily coached a witness.

"A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). It is not "inherently incredible" that one or more of the pieces of evidence Parshall mentions would entitle him to relief. *See id.* Because the evidence that is the subject of Parshall's motion is not in the record, the Court finds that an evidentiary hearing is warranted to determine whether it entitles Parshall to relief.

## II. GROUND 5

In addition, in Ground 5 of his petition, Parshall contends that his attorney did not adequately explain to him the risks of going to trial and that as a result, he was unaware that he faced a thirty-year mandatory minimum sentence if found guilty. "To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." *Engelen*, 68 F.3d at 241. The government alleges that Parshall was aware of the mandatory minimum sentence and cites to a written order from the Magistrate Judge as evidence that Parshall was present to hear about the mandatory minimum when discussed in open court. (Resp. to Def.'s Mot. to Vacate, Set Aside or Correct Sentence ("Resp. Br.") at 16, Nov. 14, 2016, Docket No. 90 (citing Order of Detention at 4, Sept. 21, 2011, Docket No. 6).) The fact that the mandatory minimum is mentioned in a written order, which was presumably delivered to Parshall's counsel, does not demonstrate that Parshall was properly counseled about the

mandatory minimum or about the effect of a not-guilty plea.[1]  Therefore, the Court finds that Parshall has created a "factual dispute" about whether he was properly advised and whether this alleged failure to advise prejudiced him.  *See Smith*, 618 F.2d at 510.  This is additional justification for an evidentiary hearing.[2]

### III. APPOINTMENT OF COUNSEL

The court finds that Parshall is financially eligible for appointment of counsel and that it is in the interest of justice that counsel be appointed.  Accordingly, the Court will appoint counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).

### ORDER

Based on the foregoing, and all the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Parshall's Motion for Appointment of Counsel [Docket No. 85] is **GRANTED**.  The Clerk of Court is **DIRECTED** to provide the Federal Public Defender with a copy of this Order.

---

[1] The government also cites a number of other docket items that do not demonstrate that Parshall's counsel advised him of the mandatory minimum or that he was otherwise aware of it. (*See* Resp. Br. at 16 (citing Compl., Aug. 29, 2011, Docket No. 1; Notice of Appearance, Sept. 1, 2011, Docket No. 2; Indictment; Min. Entry, Oct. 5, 2011, Docket No. 10).)

[2] Parshall's briefing on Ground 1 also mentions other potential issues with his conviction, including a possible *Brady* violation (if the government withheld the video showing the witness being coached) and ineffective assistance of counsel for failing to object to the prosecution's alleged mischaracterization of evidence and/or reliance of perjured testimony at trial.  Parshall's appointed counsel is granted leave to explore these claims and pursue them if viable.  Parshall's appointed counsel is also free to explore any other potentially meritorious claims in Parshall's *pro se* filings.

2. Parshall's Motion for an Evidentiary Hearing [Docket No. 84] is **GRANTED**. Parshall's appointed counsel shall contact the Court's Calendar Clerk to schedule an evidentiary hearing.

3. Parshall's Motion for Discovery and Production of Documents [Docket No. 94] is **GRANTED**.

    a. The United States shall provide to Parshall and his appointed counsel all records requested in Parshall's motion for discovery. Parshall's appointed counsel may request additional discovery from the United States as relevant to Parshall's § 2255 motion.

    b. No later than thirty (30) days after appointment of counsel for Parshall, the parties each must file and serve the following:

        (1) A list of witnesses that the party intends to call; and

        (2) A list of proposed exhibits that the party intends to offer.

    c. No later than thirty (30) days after appointment of counsel for Parshall, each party must submit to the Court and serve on the opposing party copies of the party's proposed exhibits.

DATED: April 28, 2017  
at Minneapolis, Minnesota.

                                                _____  
                                                    JOHN R. TUNHEIM  
                                                          Chief Judge  
                                                  United States District Court